**John E. WHITE, Petitioner,**

v.

**Gary LIVESAY, Warden, et al., Respondents.**

**Civ. A. No. 3:89–0126.**

United States District Court, M.D. Tennessee, Nashville Division.

Feb. 24, 1989.

See also 717 S.W.2d 309.

John E. White, Pikeville, Tenn., pro se.

Jerry Smith, Atty. General's Office, Nashville, Tenn., for respondents.

MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The petitioner Mr. John E. White applied *pro se* for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden in violation of the Constitution, Fourteenth Amendment, Right to the Due Process of the Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). Mr. White claims that, on May 3, 1971, in the Criminal Court of Tennessee for its 20th judicial district (comprising Davidson County), he was sentenced upon his conviction for murder in the first degree to a term of imprisonment of 99 years and 1 day; that, in January, 1979, the (then) Governor of Tennessee commuted his sentence "to time served"; that, in March, 1981, he was convicted of aiding and abetting the receipt and concealment of, and receiving and concealing, stolen property; that he was sentenced to 6–10 years on such convictions; and that, on June 30, 1982, the (then) Governor of Tennessee revoked his commutation.

Mr. White argues that such latter former Governor had no authority to revoke the commutation of his sentence and that, therefore, he is incarcerated unconstitutionally. The power to grant commutations is given to the Governor of Tennessee by the Constitution of Tennessee, Article III, Section 6.[1]

Such Governor has the power additionally to make such commutation conditional pursuant to T.C.A. § 40–27–102, which states:

> The governor may grant pardons upon such conditions and with such restrictions and limitations as he may deem proper, and may issue his warrant to all proper officers to carry into effect such conditional pardon.

Mr. White's commutation was conditional. The pertinent language thereupon is as follows:

---

1. Such section provides that the Governor of Tennessee "shall have power to grant reprieves and pardons, after conviction, except in cases of impeachment."

This commutation is granted conditioned that the aforesaid prisoner obey all the rules and regulations of the authority having custody of him, lead the life of a good citizen, obey all the laws of the Nation, States, and Municipalities and shall not be guilty of other conduct, in the opinion of the Governor, improper and illegal. In the event any of the foregoing conditions are violated, the Governor, at his option (or on the recommendation of the State Board of Pardons, Paroles and Probation) may issue a warrant for the arrest and return of said prisoner to the Warden of the State Penitentiary to undergo remainder of said original or commuted sentence, as determined by the Governor. The Governor shall be sole judge as to whether or not any of the aforesaid conditions have been violated, and there shall be no review of his action thereon by any Court whatsoever.

"The effect of a conditional commutation is to entitle the prisoner to discharge, subject only to the conditions of the commutation; but on violation of the conditions the commutation may be revoked in a proper manner, and the prisoner reimprisoned for the original term." 67A C.J.S. *Pardon & Parole* § 38, at p. 51 (1978).

Mr. White's recitation of the foregoing facts leaves no doubt that the conditions of his commutation were violated. In that the original term of imprisonment had not expired when such commutation was revoked,[2] the pertinent Governor of Tennessee was well within his executive authority in ordering such revocation. The claim herein fails, thus, to state a claim upon which relief may be granted herein. Accordingly, the petition herein hereby is

DISMISSED summarily, Rule 4, Rules —§ 2254 cases.

The motion for the appointment of counsel is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered hereon, Rule 58(1), F.R. Civ.P., such notice will be treated as an application for a certificate of probable-cause. Rule 22(b), F.R.App.P. As the petitioner obviously has not stated a claim upon which relief can be granted, such certificate shall NOT issue. *Id.*

2. The Court of Criminal Appeals of Tennessee has held that the Governor's authority to revoke the commutation of a sentence exists only if the commutee's original sentence has not expired. *Rowell v. Dutton,* 688 S.W.2d 474, 477 [7] (Tenn. App.1985); *perm. app. den.* (1985).