# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1999 SESSION

| | | |
|---|---|---|
| **JERRELL LIVINGSTON**, | * | C.C.A. NO. 02C01-9903-CC-00084 |
| APPELLANT, | * | LAUDERDALE COUNTY |
| VS. | * | Hon. Joseph H. Walker, Judge |
| **STATE OF TENNESSEE**, | * | (Habeas Corpus) |
| APPELLEE. | * | |

FILED

October 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant:

Jerrell Livingston, Pro Se
West Tennessee Security Facility
Site #2, P.O. Box 1050
Henning, TN 38041

For Appellee:

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Marvin E. Clements, Jr.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED RULE 20

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Jerrell Livingston, appeals as of right from the dismissal of his petition for habeas corpus relief by the Lauderdale County Circuit Court on the basis that habeas corpus is not the proper proceeding to address the petitioner's complaint. We affirm the judgment of the trial court pursuant to the Court of Criminal Appeals Rule 20.

In his pro se petition, the petitioner alleges that he is being illegally restrained due to the failure of the Department of Corrections to properly calculate the amount of time he has served and to properly calculate the good time credits which he has earned. He asserts that as a result of good time credits and "probation street time," he was eligible for release more than one year prior to the filing of the instant petition.

It is a well established principle of law that the remedy of habeas corpus is limited in its nature and scope. Archer v. State, 851 S.W.2d 157 (Tenn. 1993). In Tennessee, habeas corpus relief is available only if it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant, or that the defendant's sentence of imprisonment or other restraint has expired. Id. The petitioner has the burden of proving an illegal confinement. Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994).

Initially, we note that the petitioner has failed to attach a copy of the judgment of his conviction or any record of the proceedings on which the judgment is based. A trial court may dismiss a petition for failure to comply with this requirement. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965).

2

Furthermore, the petitioner's complaints deal with inactions and failures by the Department of Corrections relative to calculations of good time credits and "probation street time." As the trial court correctly determined, the petitioner's claims on these issues are not cognizable in a habeas corpus proceeding. Calculations of time credits and matters relating to sentence reduction credits are internal matters of the Department of Corrections which must be addressed through the procedures set forth in the Uniform Administrative Procedures Act. Tenn Code Ann. § 4-5-101 to 4-5-324; State v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993); State v. Kuntz, No. 01C01-9109-CR-00019, 1991 WL 101857, at *3 (Tenn. Crim. App. at Nashville, June 14, 1991).

The judgment of the trial court is affirmed.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
David H. Welles, Judge

_____
Thomas T. Woodall, Judge

3