IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2008

## DAVID D. COX v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6160     Joseph H. Walker, III, Judge**

_____

**No. W2007-01591-CCA-R3-HC  - Filed November 5, 2008**

_____

Petitioner, David Cox, appeals the trial court's summary dismissal of his petition for writ of habeas corpus relief in which he alleged that his sentence in case number C-9881 in Blount County Circuit Court for facilitation of delivery of cocaine has expired. After a thorough review, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. D. KELLY THOMAS, JR., J., not participating.

David Cox, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Mike Dunavant, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

### I. Background

On May 10, 2000, Petitioner entered a plea of guilty in case number C-9881 in the Blount County Circuit Court to facilitation of delivery of Cocaine, a Class C felony, and was sentenced as a Range I, standard offender, to six years, all of which was suspended and Petitioner placed on probation. The trial court ordered Petitioner to serve his sentence consecutively to his sentences in case numbers C-6539 and C-6540 in the Blount County Circuit Court. Copies of the judgments for these earlier offenses are not included in the record. However, the Tennessee Department of Correction's TOMIS report reflects that Petitioner was sentenced in 1993 in case number C-6539 to eight years for felonious possession of cocaine, a Class B felony, and in case no. C-6540 to three years for felonious possession of less than 0.5 grams of cocaine.

On January 9, 2007, Petitioner's probation in case number C-9881 was revoked, and he was ordered to serve six years in confinement. Petitioner was granted pre-trial jail credit for 1,187 days, or three years and ninety-two days. The trial court ordered Petitioner to serve his sentence concurrently with his probated eight-year sentence in case number S46298 in Sullivan County Criminal Court.

On June 26, 2007, Petitioner filed a petition for writ of habeas corpus relief challenging the Department of Correction's calculations of the expiration date for his sentence in case number C-9881. Petitioner argued that his sentence in this case had expired and thus habeas corpus relief was appropriate. Petitioner also argued that the Department of Correction erred in calculating his "total maximum sentence" as fourteen years because this figure includes the eight-year sentence for case number C-6539 which Petitioner submitted had also expired. Petitioner also appeared to argue that the trial court erred in ordering Petitioner to serve his sentence in case number C-9881 in confinement because the sentence in case number S46298, to which his sentence was to run concurrently, was being served on supervised probation.

The trial court found that Petitioner's allegations concerning the calculation of credits for time served and the release eligibility dates for his sentence in case number C-9881 did not present a claim for which habeas corpus relief is available and summarily dismissed the habeas corpus petition without an evidentiary hearing and without the appointment of counsel.

## II. Standard of Review

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. Id. at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. Id. at 256; Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." Taylor v. State, 995 S.W.2d 78, 83 (Tenn.999); Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn.2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Summers, 212 S.W.3d at 260; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. Summers, 212 S.W.3d at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. Summers, 212 S.W.3d at 255; State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

## III. Analysis

On appeal, Petitioner argues that the trial court erred in summarily dismissing his habeas corpus petition without the appointment of counsel and an evidentiary hearing. Petitioner contends that he is entitled to habeas corpus relief because his sentence in case number C-9881 has expired as a result of pre-trial jail credits, jail credits, and time served. Because this sentence has expired, Petitioner submits that he is further being illegally restrained as a result of the Department of Correction's miscalculation of his "total maximum sentence" which Petitioner contends includes an eight-year sentence that has also expired.

We observe that Petitioner has included in the record on appeal an "ETOMIS" report that was not shown to the trial court in an effort to demonstrate that his sentence in case number C-6539 has expired. However, regardless of the status of this case, Petitioner was sentenced on January 16, 2007, in case number C-9981 following the revocation of his probation. He was granted pre-trial jail credits of three years, ninety-two days, which includes the period of incarceration from March 29, 2006, until January 16, 2006, leaving a balance to serve of two years, two hundred and seventy-three days. Petitioner has thus not completed serving his sentence in case number C-9881.

Calculations of time credits and matters relating to sentence reduction credits are internal matters of the Department of Correction which are not cognizable in a habeas corpus proceeding and must be addressed through the procedures set forth in the Uniform Administrative Procedures Act. Eddie E. Glenn v. State, No. E2007-00550-CCA-R3-HC, 2008 WL 80175, at *4 (Tenn. Crim. App., at Knoxville, Jan. 8, 2008), no perm. to appeal filed (citing T.C.A. § 4-5-101 to 4-5-324; Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993)). Further, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005) (citing Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); Daniels v. Traughber, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998)); see also T.C.A. § 40-35-503(b) (stating that "[r]elease on parole is a privilege and not a right")). Tennessee Code Annotated section 40-35-501, the statute addressing parole eligibility dates, does not provide a certainty of parole for sentences greater than two years. Rather, it simply "provides no more than a mere hope that the benefit will be obtained." Sutton, 166 S.W.3d at 691. (citing Greenholtz, 442 U.S. at 11, 99 S.Ct. at 2100).

Nor does Petitioner's challenge to the manner of service of his sentence in case number C-9881 afford him habeas corpus relief. Barry Sotherland v. State, No. M2006-01891-CCA-R3-PC, 2007 WL 1237786, at *3 (Tenn. Crim. App., at Nashville, April 27, 2007), perm. to appeal denied (Tenn. Aug. 13, 2007); Wayne Michael Fuller v. State, No. E2004-01642-CCA-R3-HC, 2005 WL 1661720, at *2 (Tenn. Crim. App., at Knoxville, July 14, 2005), no perm. to appeal filed. The trial

court was within its discretion to revoke Defendant's probation in case number C-9881 and had the statutory authority to order Defendant to serve his entire sentence in confinement. See T.C.A. § 40-35-310. Further, any challenges to the trial court's order that Petitioner serve his sentence in confinement would potentially render his judgment voidable, rather than void. See Summers, 212 S.W.3d at 255-56.

Because Petitioner has failed to show that the trial court was without jurisdiction to sentence him in case number C-9881 or that he is presently held on an expired sentence in that case, we conclude that the trial court did not err in summarily dismissing his habeas corpus petition without the appointment of counsel or an evidentiary hearing. Appointment of counsel to represent an indigent petitioner in a habeas corpus matter is not necessary if the petition for writ of habeas corpus fails to raise a cognizable claim. Lloyd Earl Williams v. Tony Parker, Warden, No. W2005-00050-CCA-R3-CO, 2005 WL 2043540, *1 (Tenn. Crim. App., at Jackson, Aug. 24, 2005), perm. to appeal denied (Tenn. Jan. 9, 2006).

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

-4-