IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2003

**RICKY LYNN FRAZIER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Chester County**
**No. 03-4422    Roy B. Morgan, Jr., Judge**

---

**No. W2003-01380-CCA-R3-PC  - Filed December 19, 2003**

---

The petitioner, Ricky Lynn Frazier, appeals the trial court's dismissal of his post-conviction petition. In this appeal, he argues that the Department of Correction has failed to properly apply the jail credits he earned prior to the entry of his guilty plea.  Because the proper avenue for review of the application of sentence reduction credits is the Administrative Procedures Act, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Ricky Lynn Frazier.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In May of 2002, the petitioner entered a plea of guilty to one count of aggravated assault and one count of vandalism less than $500.  The trial court imposed a Range I sentence of six years for aggravated assault and a concurrent sentence of eleven months, twenty-nine days for vandalism.  The plea agreement provided that the petitioner would be granted credit for the time he had served in the Madison County Jail prior to the entry of his plea.  In January of 2003, the petitioner filed this petition for post-conviction relief alleging, among other things, that he had been denied the pretrial jail credits to which he was entitled pursuant to the plea agreement.

At the evidentiary hearing, it was established that the petitioner and the state had entered into an agreement whereby the petition would be dismissed if the trial court would enter an order directing the Department of Correction to apply 192 days of pretrial jail credit to the petitioner's sentence.  The trial court, explaining that it did not have jurisdiction to enter such an order because

the Administrative Procedures Act was the appropriate avenue for relief, held that the application of pretrial jail credits was not a cognizable claim for post-conviction relief and dismissed the petition.

Although the petitioner claimed in his original petition for post-conviction relief and in this appeal that the failure of the department to apply his jail credits rendered his guilty plea involuntary, he did not so contend at the evidentiary hearing. In fact, the petitioner abandoned all of his original grounds for post-conviction relief at the evidentiary hearing and even sought dismissal of the petition.

There are several reasons that this court should not grant relief on appeal. Initially, a defendant may not assert one ground for relief in the trial court and then pursue a new or different theory on appeal. See State v. Adkisson, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994). Secondly, the petitioner has failed to include either the transcript of the guilty plea or the judgment forms in the record. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). In consequence, waiver would apply. Finally, the state correctly asserts that the Uniform Administrative Procedures Act, see Tenn. Code Ann. §§ 4-5-101 to -325, is the appropriate avenue of relief on this issue. See Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993); see also John Haws Burrell v. Howard Carlton, Warden, No. E2002-01613-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Oct. 17, 2003); Robert J. Cole v. Glenn Turner, No. W2002-02421-CCA-R3-CO (Tenn. Crim. App., at Jackson, June 18, 2003); James A. Vaughn v. State, No. 01C01-9308-CR-00258 (Tenn. Crim. App., at Nashville, Feb. 24, 1994).

While two opinions of this court, State v. Christopher Oliver, No. 03C01-9212-CR-00447 (Tenn. Crim. App., at Knoxville, May 11, 1993), and Matthew P. Finlaw v. Anderson County Jail, No. 03C01-9212-CR-00448 (Tenn. Crim. App., at Knoxville, Aug. 13, 1993), appear to authorize trial courts to grant the relief sought by the petitioner in this case, they do not mandate the grant of relief. In Vaughn, this court ruled that it was not error for the trial court to refuse to grant such an order when the state, as in this case, questioned the jurisdiction of the trial court to enter the order. Vaughn, slip op. at 4. In Finlaw, this court conceded that the Department of Correction might refuse to comply with a court order of this nature and warned that the petitioner would then have to "seek his remedy through the administrative procedure." Finlaw, slip op. at 5. It is our view that under these circumstances, the petitioner must seek relief under the Administrative Procedures Act.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-2-