IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

**RODNEY WELCH v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Gibson County**
**No. 15874     Walter C. Kurtz, Senior Judge, Sitting by Designation**

---

**No. W2008-01179-CCA-R3-PC   -   Filed June 15, 2009**

---

The Petitioner, Rodney Welch, appeals from the Gibson County Circuit Court's summary dismissal of his "Petition to Alter or Amend Sentence," in which he seeks a judicial determination that the Department of Correction has incorrectly calculated his sentence end date and that he is entitled to immediate release. He also challenges the trial court's taxing of costs to him. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Barbara Hobock and Cynthia Chandler-Snell, Humboldt, Tennessee, for the appellant, Rodney Welch.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Garry G. Brown, District Attorney General; and Matthew B. Hooper, Assistant District Attorney General, for the State of Tennessee.

**OPINION**

The Petitioner entered a guilty plea on April 10, 2001, to possession of .5 grams or more of cocaine with the intent to sell or deliver, a Class B felony. He was given an eight-year sentence, with six months to be served in jail and the balance on Community Corrections. On March 4, 2004, the trial court found that the Petitioner violated the Community Corrections sentence and resentenced him to serve eleven years in the Department of Correction. See State v. Rodney Welch, No. W2004-00789-CCA-R3-CD, Gibson County (Tenn. Crim. App. Feb. 15, 2005), app. denied (Tenn. May 23, 2005). A Corrected Revocation Order was entered on March 22, 2007, which reflected that the Petitioner was entitled to sentence credits of 788 days for Community Corrections and 227 days for jail service, those credits having accrued through March 1, 2004. The petition alleges that the Petitioner has earned but has not received credit for additional sentence credits for time he has served on probation after the revocation and resentencing. He filed with his petition,

however, an exhibit which purports to be a printout from the Department of Correction that indicates that he is on "parole" from the Department. The Petitioner also alleges in a subsequent filing that he received 242 additional sentence reduction credits while he was in custody after the revocation and resentencing. He contends that his sentence has expired, that his records should be altered or amended to reflect this fact, and that he should be released from any form of supervision.

The Petitioner was represented by counsel in the proceedings in the trial court. After the Petitioner filed his initial motion, the court ordered the Petitioner to file a brief which set forth the Petitioner's specific factual contentions and citations to appropriate authorities. The court also ordered that the briefs should address whether the court had jurisdiction over the matter. After both the Petitioner and the State filed briefs, the trial court found that the Petitioner failed to state any facts to indicate the Petitioner's sentence was incorrectly computed and that the Petitioner's complaint was properly addressed via the Administrative Procedures Act, not through the trial court. The court dismissed the petition and taxed the costs to the Petitioner. This appeal followed.

**I**

We consider first whether the trial court properly dismissed the petition. The Petitioner argues that the trial court erred in dismissing the petition without a hearing because he was unable to prove his claims without subpoena power over local jail or Department of Correction witnesses. He also argues that the trial court erred in dismissing the petition based upon lack of jurisdiction, contending that the Gibson County Circuit Court had previously exercised jurisdiction over his sentence computation via its March 22, 2007 order that addressed the sentence credits accrued through March 1, 2004. The State responds that the dismissal was proper because the petition did not raise a cognizable claim. We agree with the State.

The Petition to Alter or Amend contains the words "POST CONVICTION" under the case number of the original prosecution, although it contains no statutory reference to the Post-Conviction Procedure Act. Neither the petition nor the brief filed thereafter alleges the violation of a constitutional right. See T.C.A. § 40-30-103 (2006) ("Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."). Dismissal of the petition without a hearing was proper on the basis that the petition failed to state a cognizable claim for post-conviction relief. See T.C.A. § 40-30-106(f) (2006) (allowing for summary dismissal of petitions which fail to state a cognizable claim for relief).

There is no appeal as of right from a motion seeking sentencing credits. Moody v. State, 160 S.W.3d 512 (Tenn. 2005); see T.R.A.P. 3(b). A petitioner may seek relief from an illegal sentence through a petition for the writ of habeas corpus, the denial of which is appealable as of right. See generally T.C.A. §§ 29-21-101 to -130 (Habeas Corpus). However, the Petitioner's complaint in the present case does not equate with an illegal sentence, only one which he alleges has been improperly calculated.

The relief the Petitioner sought was a determination that he was entitled to additional sentence reduction credits which accrued after he was placed in the custody of the Department of

-2-

Correction. A claim of this nature is cognizable under the Administrative Procedures Act. Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1983) (holding that sentence time credits are internal matters of the Department of Correction and are properly addressed through the Administrative Procedures Act). See generally T.C.A. §§ 4-5-101 to -325 (2005) (Uniform Administrative Procedures Act).

We are unpersuaded by the Petitioner's argument that the trial court should have assumed jurisdiction of the matter because it had done so in the past by issuing the Corrected Revocation Order which set forth sentence credits. A court may not create jurisdiction over a matter where none exists. The Corrected Revocation Order addressed credits accrued before the revocation, whereas the Petitioner seeks credits in the present action that he alleges accrued after he was placed under the supervision of the Department of Correction. See T.C.A. § 40-35-212(c) (2006) ("Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service."). The trial court had no jurisdiction to grant the requested relief and did not err in dismissing the petition.

## II

The Petitioner also argues that the trial court erred in taxing the costs of this action against him. He points to his affidavit of indigency that was filed with his Motion to Alter or Amend Sentence. The State concedes that the trial court erred in taxing the costs to the Petitioner without first making a determination regarding the Petitioner's indigence as required by Code sections 40-14-202(b) (2006) and 40-30-115 (2006). We disagree with both the Petitioner and the State.

Code section 40-14-202(b) addresses a trial court's obligation to make a determination on the question of an accused's indigence in felony cases when the accused informs the court that he is financially unable to retain counsel. Similarly, Code section 40-30-115 addresses determination of indigency in criminal and habeas corpus cases for purposes of appointment of counsel and payment of court reporters. Neither of these statutes has any applicability to the present case. These statutes affect criminal prosecutions, which is not the nature of the action brought by the Petitioner, and do not address the taxing of the court's costs of an action. Assuming for the sake of argument that the Petitioner is indigent, this does not mean that he was relieved of his obligation to pay the court costs of this action.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-3-