IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2021

**CASEY L. REDMON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for McNairy County**
**No. 3160     J. Weber McCraw, Judge**

———————————————

**No. W2020-00888-CCA-R3-PC**

———————————————

The Petitioner, Casey L. Redmon, appeals from the McNairy County Circuit Court's summary dismissal of his petition for post-conviction relief, wherein he challenged his 2014 guilty-pleaded conviction of burglary. The Petitioner contends that the post-conviction court erred in summarily denying his petition for being untimely filed. Specifically, he argues that he is serving an illegal sentence based upon the Tennessee Department of Correction's (TDOC) incorrect calculation of his sentence and that an illegal sentence can be remedied at any time. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J, and JILL BARTEE AYERS, J., joined.

Casey L. Redmon, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Lisa Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the judgment form in the technical record, the Petitioner pled guilty on February 13, 2014, in Case Number 3160 to burglary, a Class D felony, and he received a six-year sentence at 35% as a Range II, Multiple Offender. It was further ordered on the judgment form that the Petitioner receive 365 days of pretrial jail credit and that the six-year sentence was to be served concurrently with the sentences in McNairy County Case Numbers 2892 and 2908.

On May 29, 2020, the Petitioner filed a pro se petition for post-conviction relief. In it, the Petitioner alleged that his plea in Case Number 3160 resulted in an effective twelve-year sentence; that based upon current TDOC calculations, his sentence was thirteen years; and that he was therefore serving an illegal sentence in breach of the plea agreement. The Petitioner also claimed that he had filed several motions with the McNairy County Circuit Court that had not been adjudicated. In the first motion, he asked for a certified copy of his judgment form to require the TDOC "to properly commute [his] sentence pursuant to Rule 36 and T[ennessee] C[ode] A[nnotated section] 40-23-101." In the second motion, he asked for the post-conviction court to "compel a response" to his original motion. The underpinning of all of the Petitioner's filings, including the post-conviction petition, was his contention that the "TDOC fail[ed] to enter the exact sentence upon their record to properly reflect the judgment of the court under Case [Number] 3160," which amounted to a breach of the plea agreement.

In addition, the Petitioner responded to the question in the petition of "why the one (1) year statute of limitations should not bar [his] claim," by stating that "generally an illegal judgment may be noticed at any time even after it becomes final." He cited to Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212, 1998 WL 906475, at *1 (Tenn. Crim. App. Dec. 30, 1998) (stating that the post-conviction statute of limitations did not bar the petitioner's claim that his sentences were illegal (citing State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987))), in support of this proposition. The Petitioner also requested the appointment of counsel.

Attached to the petition for post-conviction relief were the judgment form for Count 1 in Case Number 3160 and a Tennessee Offender Management Information System ("TOMIS") printout from the TDOC reflecting the Petitioner's progress in completing his sentences. The printout was dated October 8, 2015, and it indicated that the Petitioner had a total maximum sentence of thirteen years remaining; however, only Case Numbers 2539, 2560, and 2892 were referenced in the attached printout, and Case Number 3160 was not referenced therein.[1]

On June 2, 2020, the post-conviction court entered an order summarily dismissing the petition as time-barred. In the order, it was noted that "[t]he last date of judgment on this matter was over six years ago." The Petitioner filed a timely appeal.

On appeal, the Petitioner again alleges that he is serving a thirteen-year sentence, which he submits is in breach of his plea agreement for a twelve-year sentence in Case Number 3160, thus, rendering his sentence illegal. The Petitioner also indicates that he has

---

[1] We note that according to the TDOC website, the Petitioner's "combined" sentence length is thirteen years, that only Case Numbers 2892 and 2908 are mentioned, and that his current "active" sentences in those two cases will end in August 2023, just a little over two years from now.

not been given all of his proper sentencing credits.[2]  Relative to the statute of limitations, the Petitioner contends that the one-year statute of limitations does not apply in this situation and again cites to Abston, 1998 WL 906475.  The Petitioner further asserts that the post-conviction court failed to "properly address" his previous motions because the court responded with only a "sticky note" attached to a notarized copy of the judgment form that read, "Any further questions please contact TDOC or sentencing management."

An illegal sentence "is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).  This court has indicated that "[t]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus or a Tennessee Rules of Criminal Procedure 36.1 motion."  Stephen Wayne Shreve v. State, No. E2016- 01743-CCA-R3-PC, 2017 WL 2275810, at *2 (Tenn. Crim. App. May 4, 2017) (quoting Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005); Tenn. R. Crim. P. 36.1).  Notwithstanding, our supreme court has stated that an illegal sentence may be challenged in post-conviction proceedings when the statutory requirements are met, including the one-year statute of limitations.  See Carter v. Bell, 279 S.W.3d 560, 566 (Tenn. 2009) (citing Summers v. State, 212 S.W.3d 251, 256 n.3 (Tenn. 2007)).

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  Tenn. Code Ann. § 40-30-103.  In addition, a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final."  Tenn. Code Ann. § 40-30-102(a).

Here, the Petitioner was convicted of burglary, a Class D felony, and his judgment form indicates that he was sentenced as a Range II, multiple offender.  Thus, the sentencing range was between four and eight years.  See Tenn. Code Ann. § 40-35-112.  It was notated on the judgment form that the Petitioner was to receive 365 days of pre-trial jail credit.  Nothing on the face of the judgment form indicates that the Petitioner's six-year sentence is illegal.  Instead, the Petitioner's arguments in his motions and in his post-conviction petition focus on actions taken by TDOC, not from actions taken by the trial court in filling out the judgment orders.

TDOC's actions do not render an inmate's guilty plea constitutionally infirm. State v. Marcus O. Hill, No. M2015-02308-CCA-R3-CD, 2016 WL 3346078, at *3 (Tenn. Crim. App. June 9, 2016) (citing Brandon Neal v. State, No. E2012-01563-CCA-R3-PC, 2013

---

[2] This argument centers around credits earned in Case 2560.  No credits were awarded in the judgment form, but 330 days of credit was later given when the Petitioner's probation was revoked in that case.

WL 358178, at *2 (Tenn. Crim. App. Jan. 30, 2013)). Actions taken by TDOC regarding an inmate's sentence calculation do not form a basis for a claim under the Post-Conviction Procedure Act. Id. (citing Rendell Corey Jones v. James T. Fortner, Warden, No. E2009-00233-CCA-R3-HC, 2009 WL 3364354, at *3 (Tenn. Crim. App. Oct. 20, 2009)). Thus, post-conviction relief was not available here, without regard to tolling of the statute of limitations. Jones, 2009 WL 3364354, at *3. Moreover, it is undisputed that the petition was filed outside the one-year limitations period.

"An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures" of the Uniform Administrative Procedures Act ("APA"). Stewart v. Schofield, 368 S.W.3d 457, 464 (Tenn. 2012). In addition, disputes over sentence reduction credits which accrued during an inmate's incarceration in the custody of the TDOC are cognizable under the APA. Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1983) (holding that sentence time credits are internal matters of the TDOC and are properly addressed through the APA). See generally Tenn. Code Ann. §§ 4-5-101 to -325 (Uniform Administrative Procedures Act). Finally, "any disagreement between the information contained in the Petitioner's TOMIS report and the . . . judgment must be resolved via" the APA. See Christopher Scott Chapman v. Steward, No. W2013-02361-CCA-R3-HC, 2014 WL 3744398, at *2 (Tenn. Crim. App. July 29, 2014). Thus, we conclude that any proper redress for the Petitioner's grievances is through the APA and that the post-conviction court properly dismissed the petition as time-barred.

_____
D. KELLY THOMAS, JR., JUDGE
