IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 25, 2005

## CECIL MOSS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40400225    Michael R. Jones, Judge**

---

**No. M2004-00787-CCA-R3-HC - Filed Februry 15, 2005**

---

The Petitioner, Cecil Moss, filed a petition for writ of habeas corpus seeking relief from an allegedly void judgment, which the trial court summarily dismissed. On appeal, the Petitioner contends that the habeas corpus court erred by not holding an evidentiary hearing and that it erred when it dismissed his petition. Finding no error in the judgment of the habeas corpus court, we affirm its dismissal of the Petitioner's petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Roger E. Nell, Clarksville, Tennessee, for the appellant, Cecil Moss.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; John W. Carney, District Attorney General; and Helen O. Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The Petitioner pled guilty to two counts of sale of cocaine, a Class B felony, and the trial court sentenced him to serve eight years in community corrections starting May 15, 1992. The Petitioner's probation was revoked, he appealed to this Court, and we affirmed the trial court's judgment. In our opinion on the Petitioner's appeal, we summarized the facts and procedural history as follows:

> Defendant, Cecil Moss, appeals from the trial court's order revoking his probation and reinstating his original sentence to be served in the Tennessee Department of Correction. Defendant argues that the trial court erred by failing to consider any alternative sentencing options other than incarceration. We affirm the judgment of

the trial court.

Defendant pled guilty on May 15, 1992, to two counts of sale of cocaine, a Class B felony. Following a sentencing hearing, Defendant was sentenced to eight years, as a Range I, standard offender. Defendant's sentence was suspended, and he was placed on Community Corrections for eight years. On June 10, 1993, a violation of probation was filed alleging that Defendant had failed to perform the requisite community service work, failed to report to or attend group counseling, and failed to abide by his imposed curfew. Following a revocation hearing, the trial court found that Defendant was in violation of his probation but permitted Defendant to remain in the community corrections program.

On May 5, 1994, Defendant was transferred to the Tennessee Department of Correction and placed on regular probation for the remainder of his sentence, six years and two days. Defendant concedes that a violation of probation was filed on December 30, 1996, alleging that Defendant had moved without providing a forwarding address, had failed to report to his probation officer as required since October, 1996, and was delinquent in paying his supervisory fees. The violation of probation was amended on December 10, 2001, alleging that Defendant had been arrested for first degree murder, especially aggravated burglary, and especially aggravated robbery in Montgomery County and had failed to report these arrests to his probation officer.

At the revocation hearing, James Maxey, a probation officer with the Tennessee Department of Parole and Probation, testified that Emanuel Tindle initially served as Defendant's probation officer. Mr. Maxey stated that Defendant had not reported to the probation office since October 3, 1996, and the office was unaware of Defendant's location until his arrests in Montgomery County. Mr. Maxey said that all court costs other than a $24.00 transportation charge had been paid, but Defendant had not paid any supervisory fees since 1996.

Defendant testified that he was living in Bowling Green, Kentucky prior to his arrests in Montgomery County. He had previously lived in Guthrie, Kentucky for six years and worked at Accomplish Industries under his own name. Defendant said that he did not have a Kentucky driver's license and his Tennessee license was invalid. Defendant said that he was placed back on community corrections after his first probation violation because he had a job with State Industries.

Defendant insisted that he had reported to Mr. Tindle during 1996 and perhaps in 1997. Defendant said that Mr. Tindle told him at some point in 1997 that he no longer had to report because he was a model probationer. Defendant did not report to Mr. Tindle or pay his supervisory fees after this conversation because he did not think it was required and denied that he was in hiding. Defendant said that he

had given Mr. Tindle his mother's address and telephone number. Defendant denied that either he or his mother received any letters concerning his missed appointments or probation violations and said that Mr. Tindle never told him there was an outstanding warrant for his arrest. As for the arrests in Montgomery County, Defendant said that the police "picked up the wrong person."

On rebuttal, Mr. Maxey said that Defendant was sent several letters at his mother's address concerning his missed appointments from May, 1996, to October, 1996. Defendant made up these appointments after he received the letters until October of that year. Mr. Maxey said that a letter was sent to Defendant on December 18, 1996 at his mother's address, and the letter was not returned by the post office. After Mr. Maxey was assigned as Defendant's probation officer, he said that he sent Defendant a letter on September 26, 1999, informing Defendant that a warrant had been issued for his arrest as a result of probation violations. The letter was not returned to Mr. Maxey's office.

At the conclusion of the revocation hearing, the trial court found Defendant's testimony, that he was told not to report to his probation officer after 1997, was not credible. The trial court found that Defendant was in violation of the terms and conditions of his probation for failing to report as required. The trial court revoked Defendant's probation and ordered him to serve the remainder of the sentence in the Tennessee Department of Correction.

State of Tennessee v. Ceil Moss, No. M2003-00477-CCA-R3-CD, 2004 WL 350642, at *1-2 (Tenn. Crim. App., at Nashville, Feb. 25, 2004), *perm. app. denied* (Tenn. Sept. 13, 2004). In that appeal, the Petitioner did not challenge the trial court's revocation of his probation, but he contended that the trial court erred in not considering him as a candidate for either probation or for participation in the community corrections program. Id. at *2. The Petitioner submitted that he successfully complied with the terms of his community corrections sentence, and he complied with the terms of his probationary sentence for two years until he was told that he no longer needed to report. Id. This Court concluded that the trial court did not abuse its discretion when it ordered the Petitioner to serve his original sentence. Id. We noted that the Petitioner's assertion that he successfully completed his first participation in the community corrections program was "somewhat misleading" because the Petitioner "violated the conditions of his community corrections sentence but was extended a second chance, and it was this second attempt that was successfully completed." Id.

This Court filed its opinion in the Petitioner's case on February 25, 2004, and, prior to our decision, the Petitioner filed a petition for habeas corpus relief on February 4, 2004. In that petition, the Petitioner contended that the trial court was without jurisdiction to revoke his probation because his probation had expired. The habeas corpus court denied the Petitioner's petition without holding an evidentiary hearing. It is from that order that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition without holding an evidentiary hearing. Further, he contends that the probation violation warrant filed on December 10, 1996, was void. The Petitioner also asserts that the probation violation warrant filed on December 10, 2001, was untimely. Therefore, the trial court lacked jurisdiction to revoke the Petitioner's probation pursuant to either of these warrants. Finally, the Petitioner asserts that the trial court erred when it failed to "order sentencing credits in the various judgments and orders."

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In the case under submission, the habeas corpus court took judicial notice of this Court's opinion filed on February 25, 2004, and then it found:

The facts as found in [the Court of Criminal Appeals] opinion establish that a warrant

-4-

alleging that the [Petitioner] violated the terms of his probation was filed on December 30, 1996. That warrant stopped the running of his probation and it was filed within the probationary time. The amended warrant was filed within the probationary time. The fact that a probationer absconds and is not served with the warrant has no bearing on the expiration of probation.

On appeal, the Petitioner's first assertion is that the December 30, 1996, probation violation warrant was void because it misstated his conviction date as May 13, 1904, rather than May 13, 1994. The section of the warrant titled "VIOLATION OF PROBATION," reads in pertinent part:

> Before me, Allen W. Wallace, Judge of the Circuit Court in and for Dickson County, Tenn., personally came Emmanuel, who, being first duly sworn, says that Cecil HuEdward Moss, hereinafter referred to as the aforesaid, was on the 13 day of May, A.D. 1994 convicted of the offense of Sale of Cocaine Docket #CR131/CR132 in the Circuit Court of Dickson County . . . .

The probation violation warrant then states the reasons for the issuance of the probation violation warrant. Later, under a section titled "WARRANT," the document states that the Petitioner was convicted of Sale of Cocaine "on the 13 day of May A.D. 1904." The United States Supreme Court set forth the elements needed to establish the "minimum requirements of due process" in a revocation of probation proceeding, which include a "written notice of the claimed violations of [probation or] parole . . . ." Gagnon v. Scarpelli, 411 U.S. at 786 (1973) (citing Morrissey v. Brewer, 408 U.S. 471 (1972)); see also State v. Wade, 863 S.W.2d 406, 408 (Tenn.1993). We conclude that the probation violation warrant dated December 30, 1996, which properly listed the Petitioner's date of arrest in one section but contained a typographical error in another section, satisfies the minimum requirements of due process. Accordingly, this warrant was not void, and the trial court had jurisdiction to revoke the Petitioner's probation.

The Petitioner next contends that the December 10, 2001, probation violation warrant was untimely. Generally, revocation may occur only within the probationary period. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001). If, however, a probation revocation warrant is issued within the term of probation, it tolls the limitation of time in which the court may act to revoke probation. Alder v. State, 108 S.W.3d 263, 267 (Tenn. 2002) (emphasis omitted) (citing Shaffer, 45 S.W.3d at 555). Therefore, because we conclude that the 1996 warrant was valid, it tolled the limitation of time in which the trial court had to act to revoke probation, and the Petitioner is not entitled to relief on these grounds.

The Petitioner next asserts that the trial court erred by failing to order sentencing credits in the various judgments and orders. First, we note that this issue is waived because the Petitioner did not raise this issue in his habeas corpus petition. Further, this Court has held, "[T]ime credits, being internal matters, are generally inappropriate considerations in a habeas corpus proceeding. The validity of any sentence reduction credits must be addressed through the avenues of the Uniform Administrative Procedures Act." Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993).

Accordingly, the Petitioner is not entitled to habeas corpus relief based upon this assertion.

Finally, the Petitioner asserts that the trial court erred when it summarily dismissed his petition. As stated above, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the Petitioner's convictions are void or his sentence is expired. Passarella, 891 S.W.2d at 627. We conclude that the habeas corpus court did not err when it summarily dismissed the Petitioner's petition.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we conclude the Petitioner is not entitled to a writ of habeas corpus. Accordingly, we affirm the habeas corpus court's judgment dismissing the Petitioner's habeas corpus petition.

_____
ROBERT W. WEDEMEYER, JUDGE