IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2007

## MARK GRIMES v. TONY PARKER, WARDEN, STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. R.D. 6117     Joseph H. Walker, Judge**

**No. W2007-00169-CCA-R3-HC  - Filed January 14, 2008**

The petitioner, Mark Grimes, appeals from the circuit court's summary dismissal of his pro se petition for writ of habeas corpus. Because we find merit to the petitioner's claim for habeas corpus relief, we reverse and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J.C. McLin, J., delivered the opinion of the court, in which Thomas T. Woodall and J. Curwood Witt, Jr., JJ., joined.

Mark Grimes, Pro Se, West Tennessee State Penitentiary, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner is currently an inmate in the West Tennessee State Penitentiary where he is serving an effective twenty year sentence for his rape convictions at 100% as a multiple rapist. He was convicted in the Shelby County Criminal Court. The petitioner's case has a rather long and convoluted procedural history, and suffice to say, this is the petitioner's fourth petition for habeas corpus relief. *See Mark L. Grimes v. Billy Compton, Warden*, No. 02C01-9610-CC-00337, 1997 WL 639402 (Tenn. Crim. App., at Jackson, Oct. 17, 1997), *perm. app. denied* (Tenn. March 16, 1998) (hereinafter *Grimes I*); *Mark L. Grimes v. Fred Rainey, Warden*, No. W2002-01583-CCA-R3-CO, 2003 WL 21878530 (Tenn. Crim. App., at Jackson, Aug. 5, 2003) (hereinafter *Grimes II*); *Mark Grimes v. Stephen Dotson, Warden*, No. W2005-00862-CCA-R3-HC, 2005 WL 2453956, (Tenn. Crim. App., at Jackson, Oct. 4, 2005), *perm. app. denied* (Tenn. Mar. 27, 2006) (*hereinafter Grimes*

*III*). According to the appellate record, the petitioner pled guilty to three counts of rape in 1993.[1] He received a sentence of twelve years on each count and his sentences were ordered to run consecutively for a total effective sentence of thirty-six years as a Range I, standard offender. *See Grimes II*, 2003 WL 21878530, at *1. Several years later, a panel from this court, in accordance with *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), reversed and remanded the petitioner's case for the appointment of counsel and a hearing to determine the validity of the petitioner's convictions and sentences. *See Grimes II*, 2003 WL 21878530, at *1-3. Apparently, as a result of this court's opinion in *Grimes II*, the petitioner negotiated and entered new guilty pleas and was re-sentenced to concurrent sentences for each rape conviction for an effective sentence of twenty years at 100% as a multiple rapist.[2] *See Grimes III*, 2005 WL 2453956, at *1.

On January 10, 2007, the petitioner filed a pro se petition for writ of habeas corpus in the Circuit Court of Lauderdale County. In the petition, he alleged that the trial court failed to properly grant him pretrial jail credit for one of his concurrent rape sentences at his sentencing hearing on April 15, 2004. In denying relief, the habeas court stated the following:

> Petitioner alleges that the trial court gave him 351 days of pre-trial jail credit at his re-sentencing on case number 92-11234, but failed to grant any pre-trial credit on case number 92-11227, effectively extending his sentence by almost a full year.
>
> . . . .
>
> It appears upon the face of the judgment that petitioner's sentence has not expired. The court had jurisdiction to sentence the petitioner. Habeas Corpus relief is not appropriate.
>
> If the trial court made a mistake in failing to give petitioner proper credit in both cases, that mistake can be corrected by the trial court which imposed sentence.
>
> If Petitioner is alleging that he has not received proper credit for time served, then the proper method for the petitioner to challenge his time credits or parole date is through the avenues of the Uniform Administrative Procedures Act . . . .
>
> This [C]ourt is in no position to attempt to determine proper sentence credits.

---

[1] The petitioner states in his brief that he pled guilty to crimes of rape and aggravated burglary, and as a result, he received an effective sentence of thirty-six years. Whatever the case, the petitioner's effective sentence at the time he was originally sentenced does not appear to be in dispute.

[2] According to the two judgments of convictions filed in the technical record in the case, the petitioner pled guilty to two counts of rape in case numbers 92-11227 and 92-11234 which occurred in July of 1992. These rape convictions were to be served concurrently with each other and other convictions not included in the technical record.

This Court has no authority to direct the Department of Correction personnel in the calculation of release eligibility, when the petitioner's sentence has not expired.

The petitioner now brings this appeal, arguing that the habeas court "misinterpreted" his petition. Relying on *State v. Henry*, 946 S.W.2d 833 (Tenn. Crim. App. 1997), the petitioner asserts that the denial of his pretrial jail credit was not due to a miscalculation, but rather, "the trial court failed to award him time that was statutorily mandated, and in violation of decisions previously handed down by [the appellate court]." In rebuttal, the state argues that the petitioner presents no cognizable claim for habeas corpus relief; therefore, the court properly dismissed the petitioner's petition.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Generally, a petition for a writ of habeas corpus is not the proper vehicle to address complaints relative to the calculation of sentencing credits and parole dates. Such complaints are handled through the Administrative Procedures Act. *See* Tenn. Code Ann. §§ 4-5-101 to -325; *see also Carroll v. Raney*, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993); *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). However, the general rule is not absolute. In *State v. Henry*, 946 S.W.2d 833 (Tenn. Crim. App. 1997), this court recognized unique circumstances which authorize a trial court to entertain requests for the declaration of proper pretrial jail credits. In our view, the petitioner's case calls for similar relief.

Tennessee Code Annotated § 40-23-101(c) provides that:

The trial court shall, at the time the sentence is imposed . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served . . . subsequent to any conviction arising out of the original offense for which the defendant was tried.

The awarding of these credits is mandatory. *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965).

In *Henry*, this court determined that the facts of the case were unique, stating:

Henry's consecutive sentences were reversed on appeal. Apparently, amended judgments were not entered in the trial court. When it appeared he was not receiving proper pretrial jail credit, Henry was told by DOC to address the issue to the trial court. Upon doing so, the trial court formally denied the requested credits. Henry then timely perfected his appeal to this court.

*Henry*, 946 S.W.2d at 834. This court noted that "[t]o allow pretrial jail credit in only one case would contravene the concurrent sentence and effectively require Henry to serve a longer sentence on the second charge." *Id*. at 835. This court then found that the trial court was in the best position to grant sentencing credits and remanded the case for a determination of Henry's entitlement to pretrial jail credits. *Id*.

Similarly to *State v. Henry*, the record in the instant case demonstrates that the petitioner was re-sentenced after a reversal and remand from this appellate court. While the technical record is incomplete, the judgments of conviction which are included in the record show that the trial court denied pretrial jail credit as to one of the petitioner's concurrent sentences for rape when he was re-sentenced on April 15, 2004.[3] Specifically, one judgment of conviction reflects the strikethrough of the petitioner's pretrial jail credits along with a notation of "N/A days." To reiterate, the awarding of pretrial jail credit is mandated by statute if it arises out of the original offenses. *See* Tenn. Code Ann. § 40-23-101(c). As such, the face of the judgment reflects that the trial court failed to grant mandatory pretrial jail credit to all of the defendant's concurrent sentences arising from his rape convictions. The face of the judgment of conviction therefore demonstrates an illegal sentence. *See Hoover v. State*, 215 S.W.3d 776, 778 (Tenn. 2007) (noting that a sentence imposed in direct contravention of a statute is void and illegal).

In determining the proper remedy, we note that the Department of Correction may not alter the judgment of a court, even if that judgment is illegal. *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). As in *State v. Henry*, the dispositive issue is whether the petitioner was held in pretrial

---

[3] Included in the technical record are two judgment forms reflecting convictions and sentences for the petitioner's rape offenses. Of these two judgment forms, the judgment of conviction, case number 92-11227, reflects the trial court's strikethrough of the petitioner's pretrial jail credits with designation "N/A. days."

-4-

custody on all rape charges at the same time. *Henry*, 946 S.W.2d at 834-35. Therefore, we are persuaded by the *Henry* opinion and hold that under the unique circumstances of this case the trial court is in the best position to calculate the mandatory pretrial jail credits for the defendant's concurrent sentences imposed on April 15, 2004. Therefore, the order of the habeas corpus court is reversed and the case is remanded to the Shelby County Criminal Court for a determination of the petitioner's entitlement to pretrial jail credits for his concurrent sentences imposed on April 15, 2004, and any such entitlement shall be reflected on the judgments of conviction.

## CONCLUSION

Based on the foregoing reasoning and authority, the case is reversed and remanded.

_____
J.C. McLIN, JUDGE