IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## MARVIN ANTHONY MATTHEWS v. HENRY STEWARD, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6279     Joseph H. Walker, Judge**

---

**No. W2008-02595-CCA-R3-HC   - Filed July 15, 2009**

---

The petitioner, Marvin Anthony Matthews, appeals the lower court's denial of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We grant the state's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Marvin Anthony Matthews, pro se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The instant case represents a long history of litigation. On December 13, 1988, a jury found the petitioner guilty of grand larceny. *See Marvin Anthony Matthews v. State*, No. 16, 1990 WL 2862 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. app. denied* (Tenn. May 14, 1990). The jury further found the petitioner to be an habitual criminal offender under the provisions of the habitual criminal act (now repealed), and, as a result, the petitioner was sentenced to life imprisonment. *Id.* The petitioner's conviction and sentence were affirmed on direct appeal. *See id.* In 1991, the petitioner filed a habeas petition arguing *inter alia* that his verdict and sentence were not entered in compliance with Tennessee statute and that the Mittimus Writ of Confinement was void. *See Marvin Anthony Matthews v. Charles C. Noles, Warden*, No. 02 C01-9206-CC-00140, 1993 WL 46546 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. app. denied* (Tenn. June 1, 1993). The lower court found that the Mittimus Writ of Confinement was valid on its face, and that

the petitioner was properly adjudged guilty and sentenced. *Id*. This court affirmed the decision of the lower court. *Id*. This court also noted that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id*. at \*2. Subsequently, the petitioner filed numerous petitions for post-conviction relief. In an opinion filed on February 24, 1993, this court reversed eight of the thirteen prior felony convictions used by the state to prove the petitioner's habitual criminal status. *See Marvin A. Matthews v. State*, No. 02C01-9204-CR-00091, 1993 WL 46525 (Tenn. Crim. App., at Jackson, Feb. 24, 1993). However, in a different opinion, this court noted that the requisite number of qualifying convictions remained to satisfy the petitioner's classification as an habitual criminal. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC, 2001 WL 394868 (Tenn. Crim. App., at Jackson, April 17, 2001). This court also held that the petitioner's petition was barred by the statute of limitations. *Id*. Thereafter, the petitioner unsuccessfully sought further post-conviction relief. *See, e.g., Marvin Anthony Matthews v. State*, No. W2000-01893-CCA-R3-PC, 2002 WL 1482780 (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2003-02980-CCA-R3-PC, 2004 WL 1159585 (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction petition barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2007-00295-CCA-R3-PC, 2007 WL 4146262 (Tenn. Crim. App., at Jackson, Nov. 20, 2007) (post-conviction petition barred by statute of limitations).

The petitioner also repeatedly but unsuccessfully challenged his conviction and sentence via petitions for writ of habeas corpus. *See, e.g., Marvin A. Matthews v. State*, No. 02-C-01-9206-CC-00141, 1993 WL 84558 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (noting that habitual criminal laws were constitutional and denying habeas corpus relief for failure to state cognizable claim). In one habeas petition, the petitioner alleged that his judgment of conviction for grand larceny was void because it was not entered on a uniform judgment document in violation of statute. *See Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC, 2005 WL 578821 (Tenn. Crim. App., at Jackson, Mar. 11, 2005), *perm. app. denied* (Tenn. Oct. 24, 2005). The lower court summarily dismissed the petition and this court affirmed the dismissal by memorandum opinion. *Id*. at \*2. In doing so, this court specifically noted that "the failure to utilize the uniform judgment document . . . would merely render a conviction voidable, not void." *Id*. In 2007, the petitioner again collaterally attacked his conviction and sentence via petition for writ of habeas corpus. *Marvin Anthony Matthews v. State*, No. W2007-00936-CCA-R3-HC, 2007 WL 4146253 (Tenn. Crim. App., at Jackson, Nov. 20, 2007). The petitioner alleged that the indictment underlying his grand larceny conviction and habitual criminal status was invalid because certain convictions had been set aside by the court of criminal appeals. *Id*. The lower court summarily dismissed the petition and this court affirmed the dismissal by memorandum opinion. *Id*. In doing so, this court concluded that the indictment at issue properly vested the convicting court with jurisdiction and the petitioner's habitual criminal status had been previously determined to be valid. *Id*.

On May 30, 2008, the petitioner again sought habeas corpus relief, contending that the judgment for the December 13, 1988 larceny conviction was not contained in his institutional file,

only the Mittimus Writ Of Confinement, which was void. *See Marvin Anthony Matthews v. State*, No. W2008-01495-CCA-R3-HC, 2008 WL 4756676 (Tenn. Crim. App., at Jackson, Oct. 28, 2008). The lower court summarily dismissed the petition and this court affirmed the dismissal by memorandum opinion. *Id*. at *3. In doing so, this court noted that we had "previously and repeatedly held that the Mittimus Writ of Confinement and 'court's minute entry' showing the petitioner was convicted of grand larceny and sentenced as an habitual offender to life imprisonment constitutes a valid judgment of conviction." *Id*. We further noted that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id*. This court then upheld the lower court's summary dismissal of the petition because the petitioner failed to prove that his judgment was facially void or that his effective sentence had expired. *Id*.

On November 5, 2008, the petitioner filed the instant habeas corpus petition, contending that his jail credits had been miscalculated. On November 6, 2008, the lower court dismissed the petition, finding that the petitioner's claim was not cognizable in a habeas proceeding. The petitioner has appealed.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 *et seq*. codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In the instant case, the petitioner essentially complains that he did not receive jail credit for time served. As proof of his claim, the petitioner has included a Tomis Report from the Tennessee Department of Correction (TDOC). The Tomis Report indicates that the petitioner was serving time in TDOC and escaped on August 9, 1987. He was later returned to the custody of TDOC on September 14, 1989. The limited documentary evidence supplied by the petitioner indicates that on July 12, 1988, he was arrested for the offense of grand larceny and was thereafter convicted on December 13, 1988. The Mittimus Writ of Confinement contains a hand-written notation, indicating

that the petitioner was given pretrial jail credit from July 13, 1988 to July 23, 1989. The petitioner appears to argue that he should have received jail credit for the time between July 23, 1989 and September 14, 1989 when he was returned to TDOC.

Upon review, we first note that the petitioner's writ of confinement is not the judgment. Rather, as previously noted by this court, the lower court's minutes setting forth the jury verdict constitute the judgment. *See Marvin Anthony Matthews*, No. 02 C01-9206-CC-00140, 1993 WL 46546 at *2. Nonetheless, the writ of confinement document clearly shows that he received credit for the time served in jail arising from his conviction for grand larceny. Therefore, to the extent that the petitioner was denied a portion of his jail credit by mistake of calculation or by oversight, the proper avenue for relief regarding the application of jail credit is through the Uniform Administrative Procedures Act. *See* Tenn. Code Ann. §§ 4-5-101 to -325; *see also Carroll v. Raney*, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993); *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988).

We also reiterate that it is the petitioner's burden to establish, by a preponderance of the evidence, that the judgment is void and the confinement illegal. *See Wyatt*, 24 S.W.3d at 322. Here, the petitioner essentially asks this court to look beyond the face of the judgment or record and speculate as to whether he was denied jail credit arising from his conviction for grand larceny instead of serving time in jail as a result of circumstances unrelated to the grand larceny conviction, such as his escape status. As noted by our supreme court:

> A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired. In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

*Hickman*, 153 S.W.3d at 24 (internal citations, quotations, alterations, and emphasis omitted). It is clear that the petitioner has not demonstrated that his judgment is facially void or that his effective sentence has expired. Accordingly, the court's summary dismissal was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the lower court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the lower court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the lower court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J.C. McLIN, JUDGE