IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2009

## LESLIE PAUL HATFIELD v. JIM MORROW, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 15-2009     J. Curtis Smith, Judge**

_____

**No. E2009-01127-CCA-R3-HC - Filed April 14, 2010**

_____

The Petitioner, Leslie Paul Hatfield, appeals the Bledsoe County Circuit Court's partial denial of his petition for writ of habeas corpus in which he contended (1) that his conviction for incest, a Class C felony, was void because he was illegally sentenced to community supervision for life, (2) that his convictions for two counts of statutory rape, a Class E felony, and one count each of solicitation of a minor and casual exchange of a Schedule IV controlled substance, both Class E felonies, were void because he was not awarded all his pre-trial jail credits, and (3) that his convictions for statutory rape, solicitation of a minor, and casual exchange were void because he was not awarded pre-trial jail credits against the sentences that he was ordered to serve concurrently. The trial court granted the writ of habeas corpus for the Petitioner's sentence for incest, but it denied habeas corpus relief on the Petitioner's remaining grounds. Because the judgment for statutory rape reflects an illegal sentence and because the Petitioner's pre-trial credits were not applied to the sentences that he was ordered to serve concurrently, we reverse the judgment of the trial court and remand the case for transfer to the Criminal Court for Scott County for the entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J. joined. JOHN EVERETT WILLIAMS, J., filed a concurring opinion.

Leslie Paul Hatfield, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

OPINION

The July 13, 2004, judgments of conviction reflect that the Petitioner pled guilty pursuant to a plea agreement and was sentenced as follows:

| Count | Offense | Sentenced To | Alternative Sentence | Concurrent With | Consecutive To |
|---|---|---|---|---|---|
| 1 | Statutory Rape, Class E Felony | 2 years in the Tennessee Department of Correction (TDOC) | 8 months' split confinement; 8 years' probation | Counts 2, 5, 7 | Count 3 |
| 2 | Statutory Rape, Class E Felony | 2 years in the TDOC | 2 years' probation | Counts 1, 5, 7 | Count 3 |
| 3 | Incest, Class C Felony | 6 years in the TDOC | 6 years' probation | | Counts 1, 2, 5, 7 |
| 5 | Solicitation of a Minor, Class E Felony | 2 years in the TDOC | 2 years' probation | Counts 1, 2, 7 | Count 3 |
| 7 | Casual Exchange of Schedule IV Controlled Substance, Class E Felony | 2 years in the TDOC | 2 years' probation | Counts 1, 2, 5 | Count 3 |

The Petitioner's Waiver of Jury Trial and Request for Acceptance of Plea of Guilty reflects that the Petitioner agreed to two years' probation for counts 1, 2, 5, and 7, to be served concurrently, and to six years' probation for count 3, to be served consecutively to the other sentences, for an effective sentence of eight years' probation. The probation order similarly shows that the trial court suspended the Petitioner's sentences to the TDOC and placed him on supervised probation for eight years. The record contains no orders or amended judgments reflecting that the court revoked the Petitioner's probation, nor does it

contain a transcript of the guilty plea hearing or a probation revocation hearing. However, the record contains two probation violation warrants, and the Petitioner is now confined in the Southeastern Tennessee State Regional Correctional Facility at Pikeville.

The judgment for count 1 provided that the Petitioner serve an alternative sentence of eight years' probation for statutory rape, which is a Class E felony. See T.C.A. § 39-13-506(c)(2003). The judgment for count 1 reflects a pre-trial jail credit period of December 1, 2003 to July 13, 2004, for a total of 226 days. However, the judgments for counts 2, 5, and 7, which run concurrently with count 1, do not reflect the pre-trial jail credit.

The Petitioner's petition for writ of habeas corpus and supporting affidavit were notarized on March 15, 2009, but they show no file stamp reflecting that they were filed with the Bledsoe County Circuit Court clerk. Nevertheless, on May 20, 2009, the trial court granted the Petitioner a writ of habeas corpus for the sentence of incest, for which lifetime community supervision had been imposed. The court determined that the provision for lifetime community supervision was illegal because incest is not an offense for which the Code authorizes lifetime supervision. See T.C.A. § 39-13-524(a). The court remanded the case for entry of a corrected judgment deleting the provision for community supervision for life. The record does not contain a corrected judgment.

The trial court denied habeas corpus relief on the Petitioner's remaining grounds. It found that "'[t]o the extent . . . that Petitioner was denied a portion of his pre-trial jail credit by mistake of calculation or oversight, the proper avenue for relief regarding the application of pre-trial jail credit is through the uniform Administrative Procedures Act, Tennessee Code Annotated sections 4-5-101 to -325.'" (quoting Steven Lamont Anderson v. State, No. W2006-00866-CCA-R3-HC, Hardeman County, slip op. at 4 (Tenn. Crim. App. Mar. 2, 2009)).

On appeal, the Petitioner contends that the trial court erred in failing to grant a writ of habeas corpus because his judgments of conviction failed to award mandatory pre-trial jail credit toward all his concurrent sentences. The State contends that the trial court correctly denied habeas corpus relief because the application of jail credits is not cognizable in a habeas corpus petition. We agree with the Petitioner.

The determination of whether habeas corpus relief should be granted is a question of law which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). Habeas corpus relief will be granted when the petitioner can show that a judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). To this end, a writ of habeas corpus is granted only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or

authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). The burden is on the petitioner to establish by a preponderance of the evidence that the judgment is void or that a sentence has expired. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). If the petitioner carries this burden, he is entitled to immediate release relative to that judgment. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). However, the trial court may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see also T.C.A. § 29-21-109 (2000).

The award of pre-trial jail credit is mandatory. T.C.A. § 40-23-101 (2003); see Stubbs v. State, 393 S.W.2d 150, 154 (Tenn. 1965). Awarding pre-trial credit against only one of multiple concurrent sentences is improper when the petitioner is held in pre-trial custody on all charges. See State v. Henry, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997). "To allow pretrial jail credit in only one case would contravene the concurrent sentences and effectively require [the petitioner] to serve a longer sentence on the second charge." Id.

The record reflects that the Petitioner committed all the offenses that are the subject of this appeal on October 13, 2003. The judgment for count 1 awarded the Petitioner pre-trial jail credit from December 1, 2003 to July 13, 2004. The Petitioner was ordered to serve the two-year sentences for counts 1, 2, 5, and 7 concurrently. The face of the judgments for counts 2, 5, and 7 reflect that the trial court failed to grant mandatory pre-trial jail credits for these concurrent sentences. The judgments of conviction demonstrate illegal sentences on their face because the failure to award mandatory pre-trial jail credits is in direct contravention of the statute. See T.C.A. § 40-23-101(c); Hoover v. State, 215 S.W.3d 776, 778 (Tenn. 2007).

As for the State's argument that the issue of failure to award pre-trial credits is not cognizable in a habeas corpus proceeding, we note that disputes over sentence reduction credits which accrue during a petitioner's incarceration in the custody of the TDOC are cognizable under the Administrative Procedures Act. Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1983) (holding that sentence time credits are internal matters of the TDOC and are properly addressed through the Administrative Procedures Act). Regarding pre-trial jail credits, however, the awarding of such credits is mandatory and is the obligation of the trial court. See T.C.A. § 40-23-101(c); Christopher Johnson v. Tenn. Dep't. of Corr., No. 01-A-01-9602-CH-00064, Davidson County, slip op. at 3-4 (Tenn. Ct. App. Aug. 7, 1996). The TDOC is powerless to change what the trial court awarded or failed to award. Pursuant

to <u>Henry</u>, the failure to award pre-trial credits in this case rendered the Petitioner's judgments in counts 2, 5, and 7 void.

Although neither party has raised the issue, we also note that the judgment for count 1 sentences the Petitioner to eight years' probation, which also renders that judgment void on its face. The Petitioner was convicted in count 1 of statutory rape, a Class E felony. <u>See</u> T.C.A. § 39-13-506(c)(2003). The sentencing range for a Range I, standard offender convicted of a Class E felony is one to two years. T.C.A. § 40-35-112(a)(5). The maximum sentence for a Class E felony is six years. <u>Id.</u> at (c)(5). A court may place a defendant on probation "up to and including the statutory maximum time for the class of the conviction offense." T.C.A. § 40-35-303(c)(1). Our supreme court has held that a plea bargain may include a sentence that is outside the offender's range classification as long as it remains within the overall punishment range for the conviction offense. <u>See Hoover,</u> 215 S.W.3d at 779; <u>State v. Mahler,</u> 735 S.W.2d 226, 228 (Tenn. 1997). Six years was the maximum term for which the trial court could have imposed probation. The Petitioner's sentence of probation was not within the overall punishment range for the offense of which he was convicted, and the judgment for count 1 is void on its face.

An illegal sentence does not automatically render invalid a finding of guilt based upon a guilty plea. "[T]he determinative issue is whether the plea agreement included an illegal sentence as a material element." <u>Summers v. State,</u> 212 S.W.3d 251, 259 (Tenn. 2007). The record is sparse. We leave any issue regarding withdrawal of guilty pleas to the convicting court.

In consideration of the foregoing and the record as a whole, we reverse the judgment of the trial court and remand the case for transfer to the Criminal Court for Scott County for the entry of corrected judgments.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE