# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

## MARVIN ANTHONY MATTHEWS v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 10-CR-9401   R. Lee Moore, Judge**

---

**No. W2010-00442-CCA-R3-HC  - Filed June 21, 2010**

---

The petitioner, Marvin Anthony Matthews, appeals the lower court's denial of his petition for writ of habeas corpus.  The state has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the state's motion is meritorious.  Accordingly, we grant the state's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ., joined.

Marvin Anthony Matthews, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The instant case represents a long history of litigation.  On December 13, 1988, a jury found the petitioner guilty of grand larceny.  *See Marvin Anthony Matthews v. State*, No. 16, 1990 WL 2862, at *1 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. app. denied* (Tenn. May 14, 1990).  The jury further found the petitioner to be a habitual criminal offender under the provisions of the habitual criminal act (now repealed), and, as a result, the petitioner was sentenced to life imprisonment.  *Id*.  This court affirmed the petitioner's conviction and sentence on direct appeal.  *See id.*  In 1991, the petitioner filed a habeas corpus petition arguing *inter alia* that the court did not enter his verdict and sentence in compliance with Tennessee statutes and that the Mittimus Writ of Confinement was void.

*See Marvin Anthony Matthews v. Charles C. Noles, Warden*, No. 02 C01-9206-CC-00140, 1993 WL 46546, at *1 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. app. denied* (Tenn. June 1, 1993). The lower court found that the Mittimus Writ of Confinement was valid on its face, and that the petitioner was properly adjudged guilty and sentenced. *Id*. This court affirmed the decision of the lower court. *Id*. This court also noted that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id*. at *2. Subsequently, the petitioner filed numerous petitions for post-conviction relief. In an opinion filed on February 24, 1993, this court reversed eight of the thirteen prior felony convictions used by the state to prove the petitioner's habitual criminal status. *See Marvin A. Matthews v. State*, No. 02C01-9204-CR-00091, 1993 WL 46525, at *2 (Tenn. Crim. App., at Jackson, Feb. 24, 1993). However, in a different opinion, this court noted that the requisite number of qualifying convictions remained to satisfy the petitioner's classification as an habitual criminal. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC, 2001 WL 394868, at *2 (Tenn. Crim. App., at Jackson, April 17, 2001). This court also held that the petitioner's petition was barred by the statute of limitations. *Id*. at *1. Thereafter, the petitioner unsuccessfully sought further post-conviction relief. *See, e.g., Marvin Anthony Matthews v. State*, No. W2000-01893-CCA-R3-PC, 2002 WL 1482780, at *2 (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2003-02980-CCA-R3-PC, 2004 WL 1159585, at *1 (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction petition barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2007-00295-CCA-R3-PC, 2007 WL 4146262, at *1 (Tenn. Crim. App., at Jackson, Nov. 20, 2007) (post-conviction petition barred by statute of limitations).

The petitioner also repeatedly but unsuccessfully challenged his conviction and sentence via petitions for writ of habeas corpus. *See, e.g., Marvin A. Matthews v. State*, No. 02-C-01-9206-CC-00141, 1993 WL 84558, at *1 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (noting that habitual criminal laws were constitutional and denying habeas corpus relief for failure to state cognizable claim). In one habeas petition, the petitioner alleged that his judgment of conviction for grand larceny was void because it was not entered on a uniform judgment document in violation of statute. *See Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC, 2005 WL 578821, at *1 (Tenn. Crim. App., at Jackson, Mar. 11, 2005), *perm. app. denied* (Tenn. Oct. 24, 2005). The lower court summarily dismissed the petition, and this court affirmed the dismissal by memorandum opinion. *Id*. In doing so, this court specifically noted that "the failure to utilize the uniform judgment document . . . would merely render a conviction voidable, not void." *Id*. at *2. In 2007, the petitioner again collaterally attacked his conviction and sentence via petition for writ of habeas corpus. *Marvin Anthony Matthews v. State*, No. W2007-00936-CCA-R3-HC,

2

2007 WL 4146253, at *1 (Tenn. Crim. App., at Jackson, Nov. 20, 2007). The petitioner alleged that the indictment underlying his grand larceny conviction and habitual criminal status was invalid because the court of criminal appeals had set aside certain convictions. *Id*. The lower court summarily dismissed the petition, and this court affirmed the dismissal by memorandum opinion. *Id*. In doing so, this court concluded that the indictment at issue properly vested the convicting court with jurisdiction, and the petitioner's habitual criminal status had been previously determined to be valid. *Id*. at *2.

On May 30, 2008, the petitioner again sought habeas corpus relief, contending that his institutional file did not contain the judgment for the December 13, 1988 larceny conviction, only the Mittimus Writ Of Confinement, which was void. *See Marvin Anthony Matthews v. Tony Parker, Warden*, No. W2008-01495-CCA-R3-HC, 2008 WL 4756676, at *2 (Tenn. Crim. App., at Jackson, Oct. 28, 2008). The lower court summarily dismissed the petition, and this court affirmed the dismissal by memorandum opinion. *Id*. at *3. In doing so, this court noted that we had "previously and repeatedly held that the Mittimus Writ of Confinement and 'court's minute entry' showing the petitioner was convicted of grand larceny and sentenced as [a] habitual offender to life imprisonment constitutes a valid judgment of conviction." *Id*. We further noted that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id*. This court then upheld the lower court's summary dismissal of the petition because the petitioner failed to prove that his judgment was facially void or that his effective sentence had expired. *Id*.

The petitioner again sought habeas corpus relief in a petition filed November 5, 2008, alleging that his jail credits had been miscalculated. *See Marvin Anthony Matthews v. Henry Steward, Warden*, No. W2008-02595-CCA-R3-HC, 2009 WL 2047592, at *3 (Tenn. Crim. App., at Jackson, July 15, 2009). The lower court summarily dismissed the petition, and this court affirmed the dismissal by a memorandum opinion. *Id*. at *4. This court noted that the petitioner's "proper avenue for relief regarding the application of jail credit [was] through the Uniform Administrative Procedures Act." *Id*. at *3. Additionally, we noted that the petitioner asked this court to look beyond the face of the judgment or record, in contravention of *Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004). *Id*. at *4.

The petitioner filed the instant petition for habeas corpus relief on January 7, 2010. The lower court summarily dismissed the petition on February 12, 2010. The petitioner has appealed.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 *et seq*. codify the applicable

3

procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman*, 153 S.W.3d at 20.

## *I. Summary Dismissal*

First, the petitioner argues that the habeas corpus court erred by summarily dismissing his petition without determining whether the petitioner was indigent for purposes of appointing counsel. "There is no federal or state constitutional right to counsel in a habeas corpus proceeding." *Summers*, 212 S.W.3d 251, 260 (Tenn. 2007). However, Tennessee Supreme Court Rule 13 provides that indigent petitioners in habeas corpus proceedings may be appointed counsel, and Tennessee Code Annotated section 40-14-204 provides that the habeas court "shall determine the question of indigency and appoint counsel, if necessary[.]" Under *Hickman*, if the petitioner does not state a cognizable claim, then the appointment of counsel is not necessary. *See Hickman*, 153 S.W.3d at 20. Because the petitioner did not state a cognizable claim, he was not entitled to the appointment of counsel. We conclude that it was not error for the habeas corpus court to not determine whether the petitioner was indigent for purposes of appointing counsel. *See Summers*, 212 S.W.3d at 260.

## *II. Judgment Void*

The petitioner further complains that his life sentence is illegal because he did not receive pretrial jail credit for time served between July 12, 1988 and September 14, 1989. This claim is nearly identical to the petitioner's most recent habeas corpus proceeding, in which this court affirmed the summary dismissal of the habeas corpus proceeding because the petitioner did not state a cognizable claim for relief. *Matthews*, 2009 WL 2047592, at *4. In the previous petition, the petitioner alleged that he should have received pretrial jail credit for his incarceration between July 23, 1989 and September 14, 1989. *Id.* at *3. In this case, the petitioner presents documentation demonstrating that the Shelby County Sheriff

4

arrested him on July 12, 1988. The judgment of conviction, as evidenced in the court's minutes, is dated December 13, 1988. The judgment of conviction does not indicate whether the petitioner received any pretrial jail credit. However, "[t]he Mittimus Writ of Confinement contains a hand-written notation, indicating that the petitioner was given pretrial jail credit from July 13, 1988 to July 23, 1989." *Matthews*, 2009 WL 2047592, at *3. As this court has previously stated, "to the extent that the petitioner was denied a portion of his jail credit by mistake of calculation or by oversight, the proper avenue for relief regarding the application of jail credit is through the Uniform Administrative Procedures Act." *Id.* (citing Tenn. Code Ann. §§ 4-5-101 to -325; *Carroll v. Raney*, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993); *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988)). The petitioner's life sentence has not expired, and he has not shown that his sentence was illegal or that his judgment is facially void. *Cf. Matthews*, 2009 WL 2047592, at *4 ("It is clear that the petitioner has not demonstrated that his judgment is facially void or that his effective sentence has expired."). We conclude that the habeas corpus court did not err by summarily dismissing the petition for failure to state a cognizable claim for relief.

### *III.* Henry *and* Grimes

The petitioner contends that his case requires the same relief that this court granted in *State v. Henry*, 946 S.W.2d 833 (Tenn. Crim. App. 1997) and *Mark Grimes v. State*, No. W2007-00169-CCA-R3-HC, 2008 WL 141129 (Tenn. Crim. App., at Jackson, Jan. 14, 2008). In *Henry*, the trial court resentenced the petitioner after the supreme court reversed his sentences and ordered his consecutive sentences to run concurrently. *Henry*, 946 S.W.2d at 833-34. Upon resentencing, the trial court only applied pretrial jail credits to one of the petitioner's sentences. *Id.* at 834. This court ruled that the pretrial jail credits issue was properly before the trial court under the unique circumstances of the case. *Id.* This court remanded to the trial court to determine how many, if any, credits to apply to the petitioner's concurrent sentence and to amend the judgment as appropriate. *Id.* at 834-35.

Following *Henry*, this court in *Grimes* concluded that the circumstances were similar enough to warrant the same relief. *Grimes*, 2008 WL 141129, at *4. The petitioner in *Grimes* was also resentenced following a reversal and remand by this court, and, likewise, the trial court denied pretrial jail credits to one of the petitioner's concurrent sentences. *Id.* at *3. The facts of this case are not similar to either *Henry* or *Grimes*.

Here, this court reversed several of the petitioner's convictions but ruled that the petitioner's remaining convictions supported his status as a habitual criminal. *See Matthews*, 1993 WL 46525, at *2; *Matthews*, 2001 WL 394868, at *2. No court has improperly denied pretrial jail credits upon resentencing the petitioner; therefore, the circumstances of his case do not warrant relief under *Henry* and *Grimes*. We conclude that the petitioner is without relief in this matter.

**Conclusion**

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the lower court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the lower court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the lower court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J. C. McLIN, JUDGE