IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

**MARTIN HUGHES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4696   John D. Wootten, Jr., Judge**

_____

**No. M2018-00858-CCA-R3-HC**

_____

The Petitioner, Martin Hughes, appeals the Trousdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  In 2014, the Petitioner entered a guilty plea to several offenses and received an effective five-year sentence.  He was later convicted of two new offenses and received concurrent sentences of ten and fifteen years, served consecutively to his five-year sentence.  On appeal, the Petitioner alleges that his five-year sentence has expired and that he is being held illegally because the Tennessee Department of Correction (TDOC) incorrectly calculated this sentence and erred in denying him a parole hearing.  We affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J. ROSS DYER, JJ., joined.

Martin Hughes, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 21, 2014, the Petitioner entered a guilty plea in the Hamblen County Criminal Court to two counts of aggravated assault, introducing contraband into a penal institution, facilitation of possession of a Schedule II controlled substance, possession of marijuana with the intent to sell or deliver, possession of drug paraphernalia, driving under the influence of an intoxicant (DUI)—second offense, possession of a firearm while intoxicated, and vandalism of property valued under $500.  State v. Martin E. Hughes, No. E2016-01415-CCA-R3-PC, 2017 WL 2423162, at *1 (Tenn. Crim. App.

June 5, 2017), perm. app. denied (Tenn. Oct. 3, 2017). Pursuant to this plea agreement, the Petitioner received an effective sentence of five years at thirty percent release eligibility, with 93 days of pre-trial jail credit and service of the remainder of the sentence through the community corrections program. Id.

While serving this sentence, the Petitioner committed two new aggravated assaults in Hawkins County, which resulted in the revocation of his community corrections sentence and the imposition of a sentence in confinement. Id. The Petitioner then sought post-conviction relief, claiming that he had received ineffective assistance of counsel and that his plea was unknowing and involuntary based on newly discovered evidence. Id. The post-conviction court denied relief, and this court affirmed. Id.

On July 24, 2015, the Petitioner was convicted by a Hawkins County Criminal Court jury of the two new aggravated assault charges, and on September 8, 2015, he was sentenced to concurrent sentences of ten and fifteen years for these convictions, served consecutively to the sentence the Petitioner received for his Hamblen County community corrections violation.[1] State v. Marty E. Hughes, No. E2015-01907-CCA-R3-CD, 2016 WL 7428733, at *1 (Tenn. Crim. App. Dec. 23, 2016). On appeal, this court vacated these new aggravated assault judgments and remanded the case for appointment of new counsel and a new sentencing hearing. Id. at *8.

Following the remand, the Hawkins County Criminal Court conducted a new sentencing hearing and again imposed concurrent sentences of ten and fifteen years for these convictions on May 24, 2017.[2] State v. Martin Ellison Hughes, No. E2017-01953-CCA-R3-CD, 2018 WL 2175899, at *3 (Tenn. Crim. App. May 11, 2018). On May 11, 2018, this court upheld these sentences. Id. at *5.

On March 20, 2018, less than two months prior to this court's May 11, 2018 opinion upholding the resentencing on the Hawkins County aggravated assault convictions, the Petitioner filed the instant pro se petition for habeas corpus relief, alleging that he was illegally restrained of his liberty by the five-year sentence he

---

[1] Although the Petitioner attached only a single page of the transcript of his September 8, 2015 sentencing hearing to his habeas corpus petition, we have taken judicial notice of the complete transcript that was a part of the appellate record in the Petitioner's first appeal of his two Hawkins County aggravated assault convictions. This September 8, 2015 transcript shows that the trial court ordered that the concurrent sentences of ten and fifteen years for the two Hawkins County aggravated assault convictions be served consecutively to the sentence the Petitioner received for his Hamblen County community corrections violation.

[2] We also have taken judicial notice of the judgments that were entered following resentencing for the two Hawkins County aggravated assault convictions. As noted, these judgments were a part of the record in the Petitioner's direct appeal of his two aggravated assault convictions following resentencing.

received pursuant to his January 21, 2014 plea agreement. The Petitioner asserted that he was entitled to habeas corpus relief because his five-year sentence had expired in light of his 93 days of pre-trial jail credit. The Petitioner, citing Michael W. Belcher v. David Sexton, Warden, No. E2013-01325-CCA-R3-HC, 2014 WL 890947, at *3 (Tenn. Crim. App. Mar. 6, 2014), also claimed that this sentence was illegal pursuant to Tennessee Criminal Procedure Rule 36.1, that this sentence violated his constitutional and civil rights, and that he received ineffective assistance of counsel. Although the Petitioner attached approximately 100 pages of documents to his petition, he never explained the significance of the majority of these documents.

On March 23, 2018, the Petitioner filed a motion for the appointment of counsel. He asked that counsel be appointed "to possibly amend [his] petition or subsequent motions."

On April 9, 2018, the habeas corpus court summarily dismissed the petition without an evidentiary hearing and without appointing counsel. After determining that several of the Petitioner's claims were not cognizable in a habeas corpus proceeding, the court addressed the Petitioner's sole remaining issue regarding whether his effective five-year sentence had expired. The court found that the Petitioner entered his guilty plea on January 21, 2014, and that the relevant judgments reflected an effective five-year sentence with 93 days of pre-trial jail credit. Based on the face of the judgments, it observed that the Petitioner's five-year sentence would not expire until January 21, 2019. The court then held that because this five-year sentence had not yet expired, the Petitioner had failed to state a cognizable claim for relief.

On April 23, 2018, the Petitioner attempted to file a pro se notice of appeal in the Circuit Court of Trousdale County. The trial court clerk provided written notice to the Petitioner regarding the changes to the appellate rule regarding notices of appeal, and the Petitioner filed his notice of appeal in this court on May 10, 2018. See Tenn. R. App. P. 4(a), Transitional Provision (stating that "[i]f the attempted filing of the notice of appeal with the trial court clerk was received by the trial court clerk within 30 days after the date of entry of the judgment, the party attempting to file the notice with the trial court clerk shall have 20 additional days, counting from the 30th day after the date of entry of the judgment, within which to file the notice of appeal with the appellate court clerk").

## ANALYSIS

On appeal, the Petitioner claims that his five-year sentence has expired and that he is being held illegally because the TDOC incorrectly calculated this sentence and erred in denying him a parole hearing. The State counters that these claims are not cognizable in

a habeas corpus proceeding. We agree with the State and conclude that the habeas corpus court's summary dismissal of the petition was proper.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if

there is nothing on the face of the judgments to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Id. at 259. Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. The statute also requires that the petition state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b). Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

Here, the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(2) because he failed to attach to his petition copies of all judgments that were the cause of his restraint and failed to provide a satisfactory reason for his noncompliance. Although the Petitioner included the judgments from his two aggravated assault convictions and his conviction for introduction of contraband into a penal institution that were a part of his January 21, 2014 plea agreement, he failed to

include the judgments for the other Hamblen County offenses to which he pled guilty and failed to include the Hawkins County judgments that were entered following his resentencing. Because the Petitioner failed to attach these judgments, the habeas corpus court could have dismissed his petition on this ground alone. T.C.A. § 29-21-107(b)(2); Summers, 212 S.W.3d at 260.

In any case, we conclude that the habeas corpus court acted properly in summarily dismissing this petition on the basis that it failed to state a cognizable claim for habeas corpus relief. The Petitioner first claims that the TDOC incorrectly calculated the expiration of his five-year sentence by failing to consider his 93 days of pre-trial jail credit. However, an individual may not challenge the denial of parole or the calculation of his release eligibility through the writ of habeas corpus. Hogan v. Mills, 168 S.W.3d at 753, 757 n.1 (Tenn. 2005) ("Any challenge to the Board of Paroles' calculation of [the petitioner's] effective sentence must be presented in an administrative proceeding, not a habeas corpus action."). Although the Petitioner acknowledges that he also received concurrent sentences of ten and fifteen years served consecutively to his effective five-year sentence, he nevertheless asserts that he is entitled to habeas corpus relief, and immediate release from prison, on the basis that his five-year sentence has expired. After reviewing the judgments and record in this case, we conclude that the Petitioner has failed to show that his aggregate twenty-year sentence has expired such that he should be released from prison.

The Petitioner also claims that the TDOC erred in denying him a parole hearing. This also is not a cognizable claim for habeas corpus relief. Robert L. Ferrell v. State, No. 01C01-9610-CR-00454, 1997 WL 578999, at *1 (Tenn. Crim. App. Sept. 19, 1997) (concluding that the petitioner's claim that the Board of Paroles refused to place him on parole after he served the minimum required time was not a cognizable claim for habeas corpus relief). Because the Uniform Administrative Procedures Act governs an inmate's challenge to the TDOC's calculation of release eligibility, such challenges are not properly the subject of a habeas corpus petition. See Stewart v. Schofield, 368 S.W.3d 457, 459 (Tenn. 2012) (citing T.C.A. §§ 4-5-101 to -325 (2011)); State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997); Carrol v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993), aff'd based on separate rationale on another issue, 953 S.W.2d 657 (Tenn. 1997). We reiterate that a sentence does not expire simply because the release eligibility date has been reached. See Davis v. State, 313 S.W.3d 751, 758 (Tenn. 2010) ("[P]arole does not actually reduce the parolee's sentence."); Doyle v. Hampton, 340 S.W.2d 891, 893 (Tenn. 1960) ("The sentence of the man does not expire because of the parole, nor during the pendency of the parole. He during this time is still in the custody of the penal authorities of the State and subject to the provisions upon which he has been paroled.").

- 6 -

Finally, we note that the Petitioner attached a TOMIS report to his petition in an attempt to establish that the TDOC erred in calculating the expiration of his five-year sentence and erred in denying him parole. However, TOMIS reports are not a part of the record of the underlying proceeding and, therefore, cannot be used to show the basis for habeas corpus relief. Tucker v. Morrow, 335 S.W.3d 116, 124 (Tenn. Crim. App. 2009), overruled on other grounds by State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015); James G. Watson v. Howard Carlton, Warden, No. E2011-00288-CCA-R3-HC, 2011 WL 4790953, at *2-3 (Tenn. Crim. App. Oct. 11, 2011). Because the Petitioner has failed to demonstrate a facially invalid judgment or an expired sentence, he is not entitled to habeas corpus relief.

## CONCLUSION

We affirm the summary dismissal of the habeas corpus petition.

_____
CAMILLE R. MCMULLEN, JUDGE